# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORREY R. SIMMONS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-16046** |
| **DARRYL VANNOY** | **SECTION "I"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Torrey R. Simmons, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On November 30, 1995, Simmons was indicted by

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2] Rec. Doc. No. 1.

a Terrebonne Parish grand jury and charged with second degree murder.³ The charges were amended three years later, on August 6, 2010, to include a second count of sexual battery against a juvenile.⁴ The Louisiana First Circuit Court of Appeal summarized the facts determined at trial in relevant part as follows:

> In the early morning hours of October 1, 1995, defendant's girlfriend, Sheila Carlos, was stabbed to death in her mobile home in Terrebonne Parish. The coroner testified the decedent suffered twenty-two stab wounds. Later that morning, defendant appeared at the Terrebonne Parish Sheriff's Office and confessed to stabbing Ms. Carlos several times, although he contends she was alive when he last saw her.

State v. Simmons, 710 So.2d 375 (La. App. 1st Cir. 1998) (Table); State Record Volume 2 of 4, Louisiana First Circuit Court of Appeal Opinion, 97-KA-0188, page 2, February 20, 1998.

Simmons was tried before a jury on September 9 through 11, 1996, and found guilty as charged.⁵ At an October 14, 1996, hearing, the state trial court denied Simmons's motions for new trial and post-conviction judgment of acquittal.⁶ The court sentenced Simmons on October 18, 1996, to life in prison at hard labor without benefit

---

³St. Rec. Vol. 1 of 4, Indictment, 11/30/95.

⁴Id.

⁵St. Rec. Vol. 2 of 4, Trial Minutes, 9/9/96; Trial Minutes, 9/10/96; Trial Minutes, 9/11/96; Trial Transcript (continued), 9/9-11/96; St. Rec. Vol. 1 of 4, Jury Verdict, 9/11/96; Trial Transcript, 9/9-11/96.

⁶St. Rec. Vol. 2 of 4, Hearing Minutes, 10/14/96; Hearing Transcript, 10/14/96; St. Rec. Vol. 1 of 4, Motion for New Trial, dated 9/17/96; Motion for Post-Verdict Judgment of Acquittal, dated 9/17/96.

of parole, probation or suspension of sentence and denied the defense motion to reconsider the sentence.[7]

On direct appeal to the Louisiana First Circuit, Simmons's appointed counsel asserted two errors:[8] (1) The state trial court erroneously denied the defense motion for mistrial after the State referred to defendant's failure to testify. (2) The state trial court erroneously denied the defense motion for mistrial after the State referred to the defense's failure to call witnesses. The Louisiana First Circuit affirmed the conviction and sentence on February 20, 1998, finding no merit in the claims.[9]

The Louisiana Supreme Court denied Simmons's pro se and counsel-filed writ applications each without stated reasons on July 2, 1998.[10] His conviction became final ninety (90) days later on September 30, 1998, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filling for certiorari with the United States Supreme Court is considered in the

---

[7] St. Rec. Vol. 2 of 4, Sentencing Minutes, 10/18/96; Sentencing Transcript, 10/18/96; Motion to Reconsider Sentence, 10/18/96; Trial Court Order, 10/18/96.

[8] St. Rec. Vol. 2 of 4, Appeal Brief, 97-KA-0188, 2/4/97.

[9] Simmons, 710 So.3d at 375; St. Rec. Vol. 2 of 4, 1st Cir. Opinion, 97-KA-0188, 2/20/98.

[10] State v. Simmons, 724 So.2d 207 (La. 1998); State v. Simmons, 724 So.2d 204 (La. 1998); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 98-K-0656, 7/2/98; La. S. Ct. Order, 98-K-0798, La. S. Ct. Writ Application, 98-K-0656, 3/16/98; La. S. Ct. Letter, 98-K-0656, 3/16/98; La. S. Ct. Letter, 98-K-0798, 3/26/98. The State failed to provide a copy of Simmons's pro se Louisiana Supreme Court Writ Application in No. 98-K-0798.

finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Although no copy appears in the state court record, the pleadings and state court orders reflect that Simmons filed an application for post-conviction relief with the state trial court in October 1999, perhaps as late as October 26, 1999.[11] The record reflects that Simmons initially asserted two grounds for relief:[12] (1) Defense counsel had a conflict of interest while representing Simmons. (2) The prosecutor made improper comments regarding Simmons's failure to testify. Simmons abandoned the second claim, conceding that it was repetitive of a claim addressed on appeal.[13]

In the meantime, following a March 24, 2000, hearing, the state trial court instructed the State "to review their file & produce any evidence showing any conflict of interest of Mr. Charles G. Blaize & Mr. Chris Williams & any statements made by Edna Castle."[14] Several months later, on August 28, 2000, Simmons inquired about the status of his application for post-conviction relief.[15] Without acknowledging the

---

[11] St. Rec. Vol. 2 of 4, Motion for Contradictory Hearing, dated 11/22/99 (Simmons indicates that post-conviction documents were filed on October 26, 1999); Letter to Court, 8/28/00 (Simmons indicates filing in October of 1999); Trial Court Order, 9/1/00 (acknowledging filing in October of 1999); 1st Cir. Order, 00-KW-1706, 11/2/00 (acknowledging filing in October of 1999).

[12] St. Rec. Vol. 2 of 4, State's Response, 12/7/99; Response to Order, 11/27/00 (dated 11/20/00).

[13] St. Rec. Vol. 2 of 4, Supplemental Brief, 5/25/00 (dated 5/15/00).

[14] St. Rec. Vol. 2 of 4, Letter to Simmons, 4/4/00.

[15] St. Rec. Vol. 2 of 4, Letter to Court, 8/28/00.

foregoing proceedings, the state trial court issued an order indicating that it was unable to locate the application for post-conviction relief in the record. After reviewing the State's opposition, however, the court ordered an evidentiary hearing on the conflict of interest claim and appointed counsel for Simmons.[16] After the February 22-23, 2001 hearing, the state trial court denied relief finding no conflict in trial counsel's representation of Simmons.[17]

The Louisiana First Circuit denied Simmons's related writ application on August 9, 2001, without stated reasons.[18] The Louisiana Supreme Court denied Simmons's related writ application without stated reasons on August 16, 2002.[19]

In February 2002, Simmons filed a motion to obtain copies of the district attorney's files, which apparently were provided to him, at least in part.[20] He was provided additional documents after a January 6, 2004 request.[21] His subsequent request

---

[16] St. Rec. Vol. 2 of 4, Trial Court Order, 9/1/00.

[17] St. Rec. Vol. 3 of 4, Hearing Transcript, pp. 79-84, 2/22-23/01.

[18] St. Rec. Vol. 3 of 4, 1st Cir. Order, 2001-KW-0533, 8/9/01; St. Rec. Vol. 4 of 4, 1st Cir. Writ Application (undated, unfiled copy).

[19] State ex rel. Simmons v. State, 822 So.2d 612 (La. 2002); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2001-KH-2789, 8/16/02; La. S. Ct. Writ Application, 01-KH-2789, 10/16/01 (dated 10/1/01); La. S. Ct. Letter, 9/13/01 (giving 60 days to file a writ application); St. Rec. Vol. 3 of 4, La. S. Ct. Letter, 2001-KH-2789, 10/16/01.

[20] St. Rec. Vol. 3 of 4, Motion for Contradictory Hearing, 2/7/02; Trial Court Order, 2/6/02; Letter to Simmons, 2/27/02.

[21] St. Rec. Vol. 3 of 4, Motion for Contradictory Hearing, dated 1/6/04; Trial Court Order, 2/4/04; 36 pages of Witness Statements and Reports, filed 2/19/04.

for documents submitted on July 16, 2004 was denied.[22] The Louisiana First Circuit also denied his related writ application on December 1, 2004.[23]

## II.  FEDERAL HABEAS PETITION

On November 2, 2016, the clerk of this court filed Simmons's federal habeas corpus petition in which he asserts the following grounds for relief:[24] (1) The prosecutor made a direct reference to petitioner's silence in violation of the Fifth Amendment protection against self-incrimination. (2) The state trial court committed reversible error when it denied the defense motion for mistrial after the prosecutor referred to a defense witness's failure to testify. (3) Defense counsel had a conflict of interest while representing petitioner throughout the proceedings.  The State filed a response in opposition to the petition, asserting that the petition was not timely filed.[25]

## III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

---

[22]St. Rec. Vol. 3 of 4, Motion for Contradictory Hearing, dated 7/16/14; Trial Court Order, undated.

[23]St. Rec. Vol. 3 of 4, 1st Cir. Order, 2004-KW-2308, 12/1/04.

[24]Rec. Doc. No. 1.

[25]Rec. Doc. No. 12.

including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[26] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Simmons's petition, which, for reasons discussed below, is deemed filed in federal court on November 2, 2016.[27] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Simmons's federal petition was not timely filed. The record supports this conclusion, and Simmons's petition must be dismissed with prejudice as time-barred.

---

[26]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[27]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The official stamp from the prison's Legal Programs Department reflects that Simmons delivered the petition and accompanying documents to prison officials on November 2, 2016, the same day the documents were emailed to the clerk of court for filing. Rec. Doc. No. 2, p.1.

7

IV.   STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date conviction became final.[28]  Duncan v. Walker, 533 U.S. 167, 179-80 (2001).  Simmons's conviction became final on September 30, 1998, which was ninety (90) days after the Louisiana Supreme Court completed review of his conviction following direct appeal.  Applying Section 2244 literally, Simmons had one year from finality of his conviction, or until September 30, 1999, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

---

[28]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

8

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Simmons has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. Broadly construed, Simmons claims that, following his direct appeal, he failed to seek federal habeas relief because another inmate advised him that state post-conviction review was his final avenue of relief.[29] This suggestion is contradicted, however, by Simmons's state court motion filed on February 7, 2002, in which he indicates that he planned to file for federal review of his

---

[29]Rec. Doc. No. 1, pp. 29-33.

9

conviction.[30] Nevertheless, neither proceeding pro se nor unsatisfactory legal assistance from an inmate result in equitable tolling because they are not "rare and exceptional" circumstances. Felder v. Johnson, 204 F.3d 168, 170 (5th Cir. 2000). Thus, the record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated,

---

[30]St. Rec. Vol. 3 of 4, Motion for Contradictory Hearing, 2/7/02.

separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the

11

> time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

12

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In Simmons's case, his conviction became final under federal law on September 30, 1998. The one-year AEDPA statute of limitations period began to run the next day, October 1, 1998, and did so without interruption for 365 days until September 30, 1999, when it expired. Simmons had no properly filed state court application for post-conviction relief or other collateral review pending in any state court during that time. Simmons concedes in his various pleadings that his first application for post-conviction relief was not submitted to the state trial court for filing until sometime in October 1999. The AEDPA one-year statute of limitations expired on September 30, 1999, and any filing thereafter provided him no tolling. See Scott v. Johnson, 227 F.3d 260, 263 (5th

Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period).

Even if the first state court application for post-conviction relief somehow tolled the AEDPA one-year filing period, Simmons's petition is still untimely. In addition to delay following finality of his conviction, the record reflects that Simmons allowed more than 14 <u>years</u> following the August 16, 2002, Louisiana Supreme Court ruling on his state post-conviction application to pass without filing for federal habeas corpus relief. In addition, his efforts to obtain document copies in 2002 and 2004 were <u>not</u> other collateral review for purposes of the AEDPA statute of limitations and tolling calculation. <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); <u>Brown v. Cain</u>, 112 F. Supp.2d 585, 587 (E.D. La. 2000), <u>aff'd</u>, 239 F.3d 365 (5th Cir. 2000); <u>Gerrets v. Futrell</u>, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); <u>Jones v. Johnson</u>, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); <u>Grayson v. Grayson</u>, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling). <u>Osborne v. Boone</u>, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); <u>Brown v. Cain</u>, 112 F. Supp.2d 585, 587 (E.D.

La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

Under the mailbox rule, Simmons's federal petition is deemed filed on November 2, 2016, which was more than 17 years after the AEDPA one-year statute of limitations expired on September 30, 1999. His federal petition was not timely filed and must be dismissed with prejudice for that reason.[31]

---

[31]The United States Supreme Court decision in Martinez v. Ryan, 566 U.S. 1 (2012), is not relevant to the timeliness of this federal petition. In Martinez, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" Trevino v. Thaler, 133 S. Ct. 1911, 1912 (2013) (quoting Martinez, 566 U.S. at 13). In this case, petitioner's ineffective assistance of counsel claim was addressed on the merits by the state courts and not subject to a procedural bar. Second, the Martinez and Trevino decisions do not address or provide an excuse for untimely filing of a federal habeas petition. See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither Martinez nor Trevino provide equitable or statutory relief from petitioner's untimely filing under the AEDPA.

15

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Simmons's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[32]

New Orleans, Louisiana, this \_\_\_\_11th\_\_\_\_ day of August, 2017.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[32]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.